# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH JUITT, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:17-CV-00977-DGK-SSA |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Joseph Juitt ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of anxiety, posttraumatic stress disorder (PTSD), traumatic brain injury, lesion of the right shoulder, status-post right shoulder surgery in 2014, degenerative disc disease, and status-post ACL and meniscus repair of the right knee, but retained the residual functional capacity ("RFC") to perform work as a table worker, document preparer, and touch-up screener.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on April 13, 2015, alleging a disability onset date of April 11, 2015. The Commissioner denied the application at the initial claim level, and Plaintiff appealed

the denial to an ALJ. The ALJ held a hearing, and on June 21, 2017, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, leaving the ALJ's decision as the final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred because she did not make clear if she rejected a portion of consultative examiner Bruce W. Randolph's, M.D. ("Dr. Randolph") opinion. The Court finds that while the ALJ could have articulated her consideration of specific portions of Dr. Randolph's opinion better, this case does not require remand.

Relevant to the issues in this case, on June 23, 2016, Plaintiff underwent a consultative examination by Dr. Randolph. As to Plaintiff's right shoulder and arm, Dr. Randolph found Plaintiff had a limited range of motion in his right shoulder, but that Plaintiff's left shoulder was normal with a full range of motion. R. at 886. Based on these findings, he opined Plaintiff could not reach overhead with his right hand and could only occasionally reach in other directions with his right hand. R. at 889-90. Further, he opined Plaintiff was limited to frequent overhead reaching with this left hand. *Id.*

The ALJ afforded Dr. Randolph's opinion "partial weight" explaining Dr. Randolph had examined Plaintiff but that Dr. Randolph's opinion included reaching limitations for Plaintiff's left hand that were not supported by his own examinations which revealed normal, full range of motion of Plaintiff's left shoulder. The ALJ was silent as to her consideration of the portion of Dr. Randolph's opinion addressing reaching in other directions with Plaintiff's right arm.

The ALJ formulated Plaintiff's RFC to no overhead reaching with the right arm. R. at 14. The RFC is silent as to any other right extremity reaching.

To determine whether the ALJ committed reversible error, the Court must first determine whether the ALJ was required to give an explanation for rejecting Dr. Randolph's right arm

reaching limitations, and if not, whether failing to incorporate this limitation is supported by substantial evidence.

**I.   The ALJ was not required to give reasons for rejecting Dr. Randolph's right arm reaching limitations.**

It is undisputed the ALJ did not patently reject Dr. Randolph's opinion as to Plaintiff's right arm reaching limitation, but, by not incorporating this limitation into Plaintiff's RFC the ALJ seemingly rejected it. However, the ALJ did not provide an explanation for rejecting this limitation. The Court must decide whether that was an error.

"The ALJ is not required to accept every opinion given by a consultative examiner, but must weigh all the evidence in the record." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). However, where an ALJ assigns significant weight to an opinion, he must give an explanation if he then disregards portions of the opinion in formulating the RFC. *Gann v. Berryhill*, 864 F.3d 947, 952-953 (8th Cir. 2017) (remanding where the ALJ afforded significant weight to two medical opinions, but failed to include all the limitations into the hypothetical posed to the VE).

Here, the ALJ gave Dr. Randolph's opinion "partial weight," not significant weight, therefore he was not required to accept or adopt every limitation in Dr. Randolph's opinion. The ALJ was required to consider Dr. Randolph's opinion along with all of the other evidence in the record.

The Court cannot locate any binding authority which requires remand when the ALJ failed to provide a reason for rejecting portions of a consultative examiner's opinion given "partial weight." Plaintiff cites to a number of district court opinions which generally found an ALJ's opinion deficient when it failed to explain why certain portions of a treating doctor's opinion were not adopted. *See Trotter v. Colvin*, No. 3:15-CV-05013-NKL, 2015 WL 5785548, at *4 (W.D. Mo. Oct. 2, 2015) (remanding case in part because ALJ gave "some weight" to a *treating*

physician's opinion but failed to give reasons for rejecting portions of that opinion); *Woods v. Astrue*, 780 F.Supp.2d 904, 913-14 (E.D. Mo. Jan. 26, 2011) (remanding case because the ALJ did not provide an explanation for disregarding some opinions given by a *treating* doctor whose opinion he gave "great weight")[2].

One case Plaintiff relies on is factually relevant, yet the Court finds the district court in that case stretched the holding of the underlying authority. *See Murphy v. Colvin*, No. 1:15-CV-00131-AGF 2016 WL 4158868, at *7 (E.D. Mo. Aug. 5, 2016) (remanding case because the ALJ assigned "some weight" to consultative physician's opinion but failed to provide reasons for partially rejecting the opinion). *Murphy* relied in part on the holding from *McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008). But the court in *McCadney* remanded because the Court found it was unclear how much weight the ALJ assigned to a non-examining consultative physician's opinion, not because the ALJ gave the opinion "partial weight."

In reviewing the facts of each of Plaintiff's cited authority, the Court is unpersuaded by their holdings and finds this case is easily distinguishable. Therefore, the Court finds the ALJ was not required to provide an explanation of the reasons she rejected the right arm reaching in other directions limitation of Dr. Randolph's opinion.

**II.     The ALJ did not error by failing to include a right arm reaching limitation.**

Next, the Court must decide whether the RFC, without the right arm reaching limitation, is supported by substantial evidence in the record.

A claimant's RFC is the most he can still do despite his physical or mental limitations. *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). "In formulating a claimant's RFC, the

---

[2] Plaintiff also relies on *White v. Astrue*, which the Court finds is not relevant to the issues in this case. No. 10-5064-CV-SW-JCE-SSA, 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (reversing ALJ's decision because the Court found the ALJ failed to properly weigh certain medical opinions in the record).

ALJ must consider *all* the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements." *Olsen v. Colvin*, No. 13-03405-CV-S-DGK-SSA, 2014 WL 4930651, at *2 (W.D. Mo. Oct. 1, 2014) (citing *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

The entirety of the record does not support a finding that Plaintiff has right arm limitations that exceed the RFC. For example, Plaintiff notes his hobbies are art and gardening, R. at 885, he performs a wide range of activities of daily living, R. at 13-19, and he testified that after his shoulder surgery he only felt pain when holding weight or lifting above his head, R. at 35. *See Owen v. Astrue*, 551 F.3d 792, 799 (8th Cir. 2008) (rejecting a physician's opinion because the claimant's activities of daily living did not reflect the limitations found in the opinion).

Additionally, Plaintiff sought relatively conservative treatment for his shoulder after his surgery. R. at 463, 478-86, 519, 545-46, 556-57, 569-71, 950, 992 (Plaintiff attended eight physical therapy session from November 2014 through March 2015 and sought no treatment for his right shoulder from March 2015 until October 2016). He also stated rest, ice, medication, and physical therapy helped with this shoulder pain. R. at 464, 549, 557, 568, 570, 884. *See Milam v. Colvin*, 794 F.3d 978, 985 (finding relatively conservative treatment history including exercises and medication along with failing to seek medical treatment for long periods of time, undercuts a finding of disabling pain).

Further, the objective medical evidence generally supports a finding that Plaintiff's range of motion in his right shoulder was only minimally limited after his surgery. R. at 886, 993 (reduced rotation in shoulder).

In reviewing the record, the Court finds substantial evidence supports the ALJ's determination that Plaintiff did not have a limitation in reaching with his right hand, other than overhead.

In conclusion, the ALJ could have been clear about which portions of Dr. Randolph's opinion she was adopting and which she was rejecting, however, any error made is harmless for two reasons. First, it is well-settled that the ALJ's opinion need not discuss all of the evidence in the record. *See, e.g.*, *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (reiterating that the ALJ need not discuss every piece of evidence contained in the record). Second, given that the ALJ essentially adopted all of Dr. Randolph's limitations that are justified by the record, the ALJ's failure to discuss a limitation as to reaching in other directions had no effect on the outcome, thus it is not a basis to reverse or remand. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("[A]n arguable deficiency in opinion writing that had no practical effect on the decision . . . is not a sufficient reason to set aside the ALJ's decision.").

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 23, 2018                   /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT